J-S13043-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| VICTOR MANUEL ORTIZ, JR. | : | |
| | : | |
| Appellant | : | No. 1690 MDA 2019 |

Appeal from the PCRA Order Entered September 16, 2019
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0000464-2017

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| VICTOR MANUEL ORTIZ, JR. | : | |
| | : | |
| Appellant | : | No. 1691 MDA 2019 |

Appeal from the PCRA Order Entered September 16, 2019
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0000873-2017

BEFORE:  STABILE, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:               **FILED MARCH 27, 2020**

Victor Manuel Ortiz, Jr. (Ortiz) appeals the order of the Court of Common

Pleas of Adams County (PCRA court) denying his petition filed pursuant to the

Postconviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Counsel for Ortiz

has petitioned to withdraw from representation and has filed a ***Turner*/*Finley***

_____

[*] Retired Senior Judge assigned to the Superior Court.

no-merit letter.[1]  We affirm the PCRA court's order and grant counsel's request to withdraw.

In the above-captioned and consolidated cases, CP-01-CR-0000464-2017 and CP-01-CR-0000873-2017, Ortiz was charged with 41 counts of unlawful dissemination of an intimate image (18 Pa.C.S. § 3131A); one count of intimidation of a witness (18 Pa.C.S. § 2709(a)(7); and three counts of attempted unlawful dissemination of an intimate image (18 Pa.C.S. § 3131A and 18 Pa.C.S. § 901(a)).  The charges were based on allegations that Ortiz shared an intimate photo of his ex-girlfriend using his Facebook account and then threatened potential witnesses.

On April 2, 2018, Ortiz accepted a negotiated plea agreement, pleading nolo contendere to two counts of unlawful dissemination of an intimate image and one count of intimidation of a witness.  As to the two unlawful dissemination counts, Ortiz received concurrent terms of partial confinement lasting from 9-23 months, followed by a consecutive five-year term of probation on the witness intimidation count.  The transcript of the plea colloquy indicates that Ortiz was aware of the nature of the offenses, his right to go to trial, and the consequences of his plea.  **See** Plea Transcript, 4/2/2018, at 3-7.  The trial court found that there was a factual basis for the

---

[1] **Commonwealth v. Turner,** 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

plea, and that Ortiz made his plea knowingly and voluntarily. *Id*. As part of the plea agreement, the remaining charges were withdrawn. Ortiz was granted parole beginning on June 28, 2018.

On February 28, 2019, Ortiz filed his first petition for PCRA relief, arguing that plea counsel deprived him of the ability to review portions of the prosecution's evidence, rendering his plea involuntary. In his petition, he alleged that he received incomplete discovery in his case two days before trial was scheduled to begin, and that plea counsel did not timely respond to Ortiz's requests to confer about the case prior to entering the plea. PCRA counsel was appointed to represent Ortiz during the PCRA proceedings.

On August 19, 2019, the PCRA court held a pre-hearing conference on Ortiz's petition. PCRA counsel indicated that after speaking with Ortiz, reviewing Ortiz's petition, and studying the discovery made available to Ortiz prior to the plea, he found no meritorious PCRA issues.

A day after the conference, the PCRA court entered its notice of intent to dismiss the petition, along with an order advising Ortiz that he had 20 days to respond to the proposed dismissal. *See* Pa.R.Crim.P. 907(1). The PCRA court summarized the reasons why it planned to deny Ortiz's petition:

> Presently before this Court is a PCRA Petition filed on February 28, 2019. In this Court's experience, PCRA counsel is quite experienced and extraordinarily thorough in his case preparation and review of all cases to identify any cognizant issues. PCRA counsel made a diligent review of the extensive discovery that was previously made available prior to [Ortiz] entering pleas of no contest in each [consolidated] case. At today's pre-hearing conference intended to identify any issues for hearing, PCRA

- 3 -

counsel represented to the Court that he sees no cognizable issues that may be presented to the Court in support of [Ortiz'] claim for PCRA relief.

PCRA counsel discussed in open Court, in [Ortiz's] presence, the significant amount of time he spent reviewing Defendant's request for PCRA relief, including [Ortiz's] meeting with counsel's staff making counsel's conference room and audiovisual materials available to the [Ortiz] together with a forty-five minute long phone conversation between [Ortiz] and PCRA counsel discussing whether there are any viable issues in this PCRA matter.

At the end of their conversation, based upon PCRA counsel's review of the file, and considering the [Ortiz's] decision to enter pleas of no contest with full knowledge of what it meant to enter a plea of no contest (i.e., that [Ortiz] was not admitting he committed the crime but agreeing that should the matter proceed to the scheduled trial the Commonwealth would likely be able to meet its burden of proof with the effect being the same and that is a conviction for the noted charges for the [Ortiz]), this Court sees no avenue by which the [Ortiz] would be entitled to relief on claims that plea counsel was ineffective. Even if there were shortcomings in the work of plea counsel, it is unlikely that the result would have been any different given the significant volume of discovery which implicates the [Ortiz] and considering the [Ortiz's] counseled and well considered pleas of nolo contendere. It is noted [Ortiz] had ample time to fully consider his plea options as proceedings were repeatedly continued to afford [Ortiz] time to do so.

Accordingly, as there are no issues for which [Ortiz] would be entitled to PCRA relief, it is this Court's intention to dismiss the PCRA Petition without a hearing.

PCRA Court Notice of Intent to Dismiss, 8/20/2019, at 1-2 (indentions added).

Ortiz did not file a response to the notice of intent to dismiss, and on September 16, 2019, the PCRA court entered an order denying his petition without a hearing. Ortiz timely appealed, and both he and the PCRA court

complied with Pa.R.A.P. 1925. He asserted the following grounds for appellate relief in his 1925(b) statement:

> 1. A violation of the constitution of Pennsylvania or laws of this Commonwealth or the constitution of the United States occurred which, in the circumstances of the particular case, so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> 2. Plea counsel provided ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> 3. [Ortiz's] plea of guilty was unlawfully induced, because the circumstances made it likely that the inducement would cause an individual to plead guilty.
>
> 4. Exculpatory evidence that was unavailable at the time of trial but has subsequently become available and that evidence would have affected the outcome of the trial if it had been introduced.

1925(b) Statement of Issues Complained of on Appeal, at 1-2.

Ortiz's PCRA counsel then filed a *Turner*/*Finley* no-merit letter. Counsel also moved to withdraw from representation. In such circumstances:

> Counsel petitioning to withdraw from PCRA representation must . . . [as *Turner* and *Finley* require] . . . review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

> Where counsel submits a petition and no-merit letter that . . . satisfy the technical demands of **Turner**/**Finley**, the court – trial court or this Court – must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Walters**, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted). If counsel has satisfied the above requirements, then this Court must conduct its own review of the record and render an independent judgment as to whether the appeal is without merit. **Id.** at 591.

Upon review of PCRA counsel's motion to withdraw, the issues discussed in counsel's no-merit letter, and the record on appeal, we conclude that counsel has substantially complied with the procedural requirements of **Turner** and **Finley**. PCRA counsel described his own independent review of the record that led him to the conclusion that there were no meritorious issues to raise on Ortiz's behalf. PCRA counsel attached proof that he sent Ortiz the motion to withdraw, the no-merit letter, and instructions regarding the right to proceed *pro se* or with privately retained counsel. Because counsel had complied with the procedural requirements, we must go on to determine from our independent review of this case whether the PCRA court correctly denied the subject PCRA petition.[2]

_____

[2] Ortiz did not file an appellate brief on his own behalf, and the Commonwealth declined to file an appellate brief in this case.

All of the claims Ortiz raised in his petition are rooted in a single allegation of ineffective assistance of plea counsel.[3] He asserted that plea counsel's failure to adequately consult with him and timely provide discovery materials induced him to enter his plea in the above-captioned cases, rendering the plea involuntary and entitling him to withdraw it. Our review of the record indicates that PCRA counsel was correct in determining that this issue has no merit.

"[A] defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused [him] to enter an involuntary plea of guilty." *Commonwealth v. Kersteter*, 877 A.2d 466, 468 (Pa. Super. 2005). "Claims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness actually caused an involuntary or unknowing plea." *Commonwealth v. Brown*, 48 A.3d 1275, 1277-78 (Pa. Super. 2012); *see also Commonwealth v. Kelley*, 136 A.3d 1007, 1012-13 (Pa. Super. 2016). A petitioner must show prejudice by establishing "a reasonable probability that, but for counsel's errors, he would

---

[3] "When reviewing the denial of a PCRA petition, our standard of review is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." *Commonwealth v. Pew*, 189 A.3d 486, 488 (Pa. Super. 2018). If a PCRA petition is dismissed without an evidentiary hearing, the PCRA court's decision is reviewed for an abuse of discretion. *See Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014).

not have pleaded guilty and would have insisted on going to trial." ***Hill v. Lockhart***, 474 U.S. 52, 59 (1985).

"The law presumes counsel has rendered effective assistance." ***Commonwealth v. Postie***, 200 A.3d 1015, 1022 (Pa. Super. 2018). "Success on a claim of ineffective assistance of counsel requires the petitioner to rebut the presumption that counsel rendered effective assistance and prove, by a preponderance of the evidence, that (1) the claim has arguable merit, (2) counsel's action or inaction was not based upon a reasonable trial strategy, and (3) petitioner suffered prejudice because of counsel's act or omission." ***Commonwealth v. Williams***, 141 A.3d 440, 454 (Pa. 2016) (citation omitted). "The failure to satisfy any one of the prongs requires rejection of the petitioner's claim." ***Id.*** (citation omitted). "[C]ounsel will not be deemed ineffective for failing to raise a meritless claim." ***Commonwealth v. Miller***, 212 A.3d 1114, 1129 (Pa. Super. 2019) (citation omitted).

The discovery in this case totaled about 1300 pages, most of which pertained to Facebook records, call logs and witness subpoenas. The nature of the explicit photo disseminated on Facebook as well as the content of Ortiz's communications are evident in those materials. Although Ortiz has maintained that his plea counsel was late in providing him with all the discovery materials needed for a voluntary plea, Ortiz has not identified any particular piece of evidence or legal advice that would have led to a different outcome in his case. The record indicates further that prior to entering his

plea, Ortiz had an opportunity to review all the evidence plea counsel possessed, excluding the intimate photo that was the basis of the unlawful dissemination charges.

Nothing in the record suggests that Ortiz was innocent of any of the charges against him; nor does the record indicate how or why Ortiz would have declined to enter a plea had he received some additional piece of evidence (which Ortiz has yet to identify). Even if plea counsel conferred with Ortiz less than he would have liked, that alone would not support a claim that his plea was induced or otherwise establish prejudice for PCRA purposes.

Additionally, Ortiz stated during his plea colloquy that he was satisfied with plea counsel and had been given access to all discovery materials he needed. *See* Transcript of Plea Colloquy, 4/2/2019, at 3-8. He also signed a written plea colloquy stipulating that he was fully satisfied with his counsel, and that he had sufficient time to fully discuss his decision to enter the plea. *See* Guilty/Nolo Contendere Plea Colloquy, 4/2/2018, at Paragraphs 16-19. "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing his plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003). Ortiz is bound by the statements he made in his plea colloquies, precluding his present claims of ineffectiveness.

Accordingly, from our independent review, we find no basis to conclude that Ortiz was induced to enter his plea due to ineffective assistance of counsel and determine that PCRA counsel correctly assessed that Ortiz's petition has no merit as to both consolidated cases now before us.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/27/2020